E-FILED
Monday, 05 December, 2011 04:11:09 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| REGINALD LOCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3109 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>OPINION</u>

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff is currently incarcerated in Western Illinois Correctional Center. He alleges that the soy in the prison food is making him sick. Plaintiff originally filed this case in the Northern District of Illinois in August, 2010. Pursuant to a motion to transfer venue, the case was transferred to this District the following April and assigned to Judge Baker.

On May 11, 2011, Judge Baker directed Plaintiff to: "a) show good cause why his petition for leave to proceed *in forma pauperis* should not

1

be revoked for falsely stating in his Complaint that he had filed only two prior cases when in fact he has struck out under 28 U.S.C. § 1915(g); and, b) explain how he is in 'imminent danger of serious physical injury' within the meaning of 28 U.S.C. § 1915(g), an exception to the three strike rule." Judge Baker directed Defendants to file a motion for summary judgment addressing whether Plaintiff meets the imminent danger exception in 28 U.S.C. § 1915(g). That summary judgment motion is now before the Court.

For the reasons below, the Court concludes that Plaintiff is not in imminent danger of serious physical injury. Accordingly, he cannot proceed *in forma pauperis* in this action.

## ANALYSIS

Plaintiff is barred from proceeding *in forma pauperis* unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As Judge Baker recounted in his prior order, the Seventh Circuit has stated:

> In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir.2002). Allegations of past harm do not suffice; the

2

> harm must be imminent or occurring at the time the complaint is filed. Heimermann v. Litscher, 337 F.3d 781 (7th Cir.2003). Before denying leave to proceed IFP, courts must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger. Rivera v. Allin, 144 F.3d 719, 726 (11th Cir.1998).

Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003)(undisputed allegations that denial of psychiatric medicine was causing panic attacks sufficient to satisfy imminent danger exception).

The Court must resolve a dispute over the imminent danger exception. Taylor v. Watkins, 623 F.3d 483, 485-86 (7th Cir. 2010). "If a defendant contests a plaintiff's imminent-danger allegations, . . . the court must determine the allegations' credibility, either by relying on affidavits or depositions or by holding a hearing." Id. at 485. A court need not "blindly accept a prisoner's allegations of imminent danger" if those allegations are disputed. Id. Blind acceptance would enable "easy evasion of the three-strikes rule." Id. at 486. However, the Court does not "evaluate the seriousness of a plaintiff's claims" or engage in a "full-scale merits review, though in many cases, . . ., the allegations of imminent danger are linked to the allegations underlying the suit." Id.

Plaintiff alleges that he is suffering irreparable harm from the soy in the prison food. (Amended Complaint, ¶ 5). He alleges "fainting, irritable bowel syndrome, fatigue, vomiting, pain after eating, passing out, severe constipation and/or diarrhea." (d/e 77, p. 6). He also alleges hypothyroidism, panic attacks, low-body temperature, "brain fog," and weight gain. (d/e 77, p. 11). The medical records show that Plaintiff has repeatedly complained to medical staff of constipation, stomach and other intestinal problems and has repeatedly asked the medical professionals to prescribe him a soy-free diet. Plaintiff has not been prescribed a soy-free diet, but has been provided Maalox or Mylanta and Zantac for possible gastroesophageal reflux disease or peptic ulcer disease. Plaintiff has also received Milk of Magnesia for his reported constipation.

Defendants point out that the U.S. Food and Drug Administration officially recognizes that an intake of at least 25 grams of soy protein per day is beneficially associated with a reduced risk of coronary heart disease. 21 C.F.R. § 101.82(c)(G)(permitting health claims that soy may reduce the risk of heart disease, with caveat that "the daily dietary intake

4

level of soy protein that has been associated with reduced risk of coronary heart disease is 25 grams (g) or more per day of soy protein."). The amount of soy in the Plaintiff's daily diet is not in the record, but this regulation cuts against an inference that soy in general is "toxic" or exposes Plaintiff to an imminent danger of serious physical injury.

In any event, the debate about the soy-based diet is beside the point. Plaintiff has no evidence to suggest that he is in imminent danger of serious physical injury, regardless of the origin of his medical complaints. His medical records upon his transfer to Western in July, 2010, are unremarkable. He was taking only a topical antibiotic for acne upon his arrival at Western. He did have a "thyroid profile" drawn in May, 2010, at Stateville Correctional Center, in response to his grievance about the soy diet. However, those results were normal, as were Plaintiff's other lab results, except for his cholesterol, which was elevated. Dr. Shah prescribed Zocor and aspirin for Plaintiff's elevated cholesterol and educated Plaintiff about diet and exercise. Follow up labs in January, 2011, showed continuing normal lab results and vital signs, as well as an

improvement in Plaintiff's cholesterol and LDL levels, now in the normal range. Dr. Shah's notes from this exam indicate that Plaintiff stated he "felt fine" and was "working out." (d/e 87-2, p. 16). Plaintiff's other exams in response to his complaints of constipation and intestinal distress were all normal, noting a soft abdomen, bowel sounds in all four quadrants, and a stable weight.[1]

Plaintiff disputes Dr. Shah's diagnosis and treatment of Plaintiff's reported medical problems. However, the merits of the claim are not before the Court. The only question whether there is any truth to Plaintiff's assertion that he is in imminent danger of serious physical harm. For the reasons above, this Court concludes that Plaintiff does not meet the imminent danger exception in § 1915(g). Accordingly, Plaintiff must pay the $350 filing fee up front if he wishes to pursue this case. *See* White v. State of Colorado, 157 F.3d 1226 (10th Cir. 1998)(inmate's allegations of imminent danger not credible where he "had, in fact, been

---

[1] Plaintiff weighed 161 pounds on his arrival at Western in July 19, 2010. Plaintiff weighed 159 pounds on January 12, 2011. (Shah Aff. paras. 14, 24). Plaintiff measures 5 feet, 7 ½ inches tall. (d/e 87-2, p. 16).

seen by medical personnel on more than one hundred occasions over the course of twenty months for a veritable panoply of ailments.").

IT IS THEREFORE ORDERED:

1) Plaintiff's motion to strike Defendants' summary judgment motion is denied (d/e 89). However, the Court has considered Plaintiff's motion as a response to the summary judgment motion.

2) Defendants' motion for summary judgment is granted (d/e 87). This Court finds that Plaintiff does not meet the "imminent danger" exception to 28 U.S.C. § 1915(g). Accordingly, Plaintiff's *in forma pauperis* status is revoked.

3) This case is dismissed, without prejudice, for Plaintiff's failure to pay the $350 filing fee. This case is closed, parties to bear their own costs. All pending motions are denied as moot (d/e 66).

4) Plaintiff may move to reopen this case within 30 days after the entry of this order by paying the $350 filing fee in full and filing a motion to reopen.

ENTERED:   December 5, 2011

FOR THE COURT:

       <u>s/Sue E. Myerscough</u>
       SUE E. MYERSCOUGH
       UNITED STATES DISTRICT JUDGE